# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

KEITH D. MATTHEWS,
ADC #143644                                                                    PLAINTIFF

V.                                    2:14CV00033 KGB/JTR

LEROY GOLATT, Sergeant,
East Arkansas Regional Unit, ADC, et al.                       DEFENDANTS


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Keith D. Matthews, is a prisoner in the Grimes Unit of the Arkansas Department of Correction ("ADC").  He has filed this *pro se* § 1983 action alleging that Defendants used excessive force against him while he was a pretrial detainee in the Lee County Detention Center.  *Doc. 2.*  Defendants have filed a Motion for Summary Judgment on the issue of exhaustion. *Docs. 21, 22, & 23.*  Plaintiff has not filed a Response, and the time for doing so has expired.  For the following reasons, the Court recommends that the Motion be granted and this case dismissed, without prejudice.

## II.  Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to

address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully exhaust administrative remedies in the Lee County Detention Center, detainees must: (1) file a written grievance, on any piece of paper, to the Jail Administrator; and (2) appeal the denial of that grievance to the Warden of the East

Arkansas Regional Unit of the Arkansas Department of Correction.[1]  *Doc. 21, Ex. A.*
In this case, it is *undisputed* that Plaintiff did not file *any* grievances while he was in
the Lee County Detention Center in 2013 and 2014.  *Id.*; *Doc. 25.*[2]

     In the Complaint, Plaintiff makes the conclusory and factually unsupported
statement that he did not file any grievances because *unspecified* individuals told him
that the Lee County Detention Center did not have a grievance procedure.  *Doc. 2 at
4.*  However, it is well settled that a prisoner's subjective understanding of the prison
grievance process is irrelevant to a determination of whether there has been proper
exhaustion.  *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Chelette v. Harris*,
229 F.3d 684, 688 (8th Cir. 2000).  Accordingly, this case must be dismissed, without
prejudice, due to Plaintiff's failure to exhaust his administrative remedies.  *See Jones,*
549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory
under the PLRA and that unexhausted claims cannot be brought in court").

### III.  Conclusion

-----

[1]  Defendants explain that the Lee County Detention Center is "adjacent to the Arkansas
Department of Correction's East Arkansas Regional Unit.*" Doc. 21 at 1.*  However, it is unclear why
the Warden of that state prison is involved in the county jail's grievance procedure.

[2]  On June 30, 2015, the Court advised Plaintiff that if he failed to timely respond to
Defendants's Motion for Summary Judgment, all the facts in Defendants' summary judgment papers
would be deemed admitted by him, pursuant to Local Rule 56.1.  *Doc. 25 at 2.*

IT IS THEREFORE RECOMMENDED that:

1.      Defendants' Motion for Summary Judgment *(Doc. 21)* be GRANTED and this case DISMISSED, WITHOUT PREJUDICE.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this  25th  day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE